## STATE of Arkansas *v.* Marvin ALEXANDER

CR 75-190                      531 S.W. 2d 707

### January 19, 1976
[Rehearing denied Feb. 17, 1976.]

## PER CURIAM

On September 4, 1974, information was filed against Marvin Alexander in the Crittenden County Circuit Court charging him with first degree murder committed on August 10, 1974. Alexander was released on bond while awaiting trial and on February 26, 1975, he filed a motion for discharge because he had not been given a speedy trial. By judgment entered September 1, 1975, and filed on September 5, 1975, the trial court recited that Alexander had filed a motion for dismissal under Ark. Stat. Ann. § 43-1709 (Repl. 1964). The trial court found that Alexander was arrested on August 10, 1974; that information was filed against him on September. 4, 1974, and that the defendant was admitted to bond in the sum of $15,000. The trial court judgment then recited as follows:

> "The Court further finds that the defendant was held to bail and was not brought to trial before the end of the third term of Court, which was held after the finding of the indictment, or the filing of the information against said defendant as provided in Arkansas Statute 43-1708, supra, and the Court finds that the Motion of the defendant to dismiss with prejudice for lack of a speedy trial is hereby granted.

IT IS THEREFORE, BY THE COURT,

CONSIDERED, ORDERED AND ADJUDGED that the charges pending against the defendant, Marvin Alexander, in the Circuit Court of Crittenden County, Arkansas, Criminal Division, cause number CR-74-295, be and same are hereby dismissed with prejudice and costs of this action are hereby taxed to the State.

ENTERED this 1st day of Sept., 1975."

On September 15, 1975, the prosecuting attorney filed notice of appeal to this court. The transcript was filed with the clerk of this court on November 10, 1975, and on December 4, 1975, Alexander filed his motion to dismiss the appeal for failure of the attorney general to file the appeal within the time provided by statute.

Ark. Stat. Ann. § 43-2720 (Repl. 1964) provides as follows:

"Where an appeal on behalf of the State is desired, the prosecuting attorney shall pray the appeal during the term at which the decision is rendered, whereupon the clerk shall immediately make a transcript of the record and transmit the same to the attorney general, or deliver the transcript to the prosecuting attorney, to be transmitted by him. If the attorney general, on inspecting the record, is satisfied that error has been committed to the prejudice of the State, and upon which it is important to the correct and uniform administration of the criminal law that the Supreme Court should decide, he may, by lodging the transcript in the clerk's office of the Supreme Court, *within sixty [60] days after the decision,* take the appeal." (Emphasis supplied).

It is obvious, therefore, from the face of the record before us, that the decision appealed from was entered on September 1, 1975, and the appeal was not perfected in this court until November 10, 1975, and was, therefore, not lodged in the clerk's office of this court within 60 days after the decision.

The motion is granted and appeal dismissed.